IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

F.C. BLOXOM COMPANY, a           Civil No. 04-1687-AA
Washington corporation,             OPINION AND ORDER

    Plaintiff,

vs.

ROJO PRODUCE IMPORT AND
EXPORT, LLC, et al.,

    Defendants.
_____

Mary Jo Heston
Grant E. Courtney
Lane Powell, PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
    Attorneys for plaintiff

Susan Felstiner
Cable Huston Benedict
Haagensen & Lloyd LLP
1001 SW Fifth Avenue, Suite 2000
Portland, Oregon 97204-1136
    Attorney for defendants

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Pursuant to Fed. R. Civ. P. 56, plaintiff filed a motion for summary judgment. That motion is granted.

BACKGROUND

Plaintiff filed this action pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499, to collect outstanding amounts, including attorneys' fees and interest, for goods delivered to defendant Rojo Produce Import and Export, LLC ("Rojo"). Defendant Garcia Rojo was the founder and owner of Rojo Produce. He had authority and control over the company's assets, signing authorization for wire transfers, and check signing authority. The amount outstanding is $28,374.60, plus interest, additional attorneys' fees and costs.

In January 2004, plaintiff delivered approximately $42,000 worth of fresh fruits and vegetables to Rojo Produce. Along with the shipment, plaintiff sent invoices which contained the requisite statutory language preserving plaintiff's beneficiary statute under the trust created under the PACA. Plaintiff alleges that defendants failed to pay for the goods in a timely manner.

Plaintiff commenced an administrative action on June 7, 2004, with the United States Department of Agriculture ("USDA"). On August 2, 2004, the USDA issued an order finding Rojo in default and directing it to satisfy the obligations owed to plaintiff by September 1, 2004. Rojo failed to comply with that

Page 2 - OPINION AND ORDER

order.

Plaintiff then filed this action on November 18, 2004, to enforce the UDSA's administrative order. At the request of defendants, plaintiff agreed to compromise the amounts owing in return for a settlement payment. This court, at the request of the parties, continued all applicable case deadlines.

Defendants made partial payments and then failed to make any further settlement payments. There remains a balance due of $28,350.60 plus interest, attorneys' fees, and costs. The court was subsequently contacted by plaintiff who requested that this case be returned to the active docket as well as issue an order setting revised applicable case deadlines. Plaintiff then filed the motion at bar.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a

dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Electrical</u>, 809 F.2d at 630.

<u>DISCUSSION</u>

The issues for the court are whether Rojo defaulted on its contractual obligations and duties under PACA, and if defendant Garcia Rojo is personally liable for the entire amount due and owing.

The PACA trust is a statutory "floating" trust established by Congress for the benefit of all unpaid suppliers or sellers of perishable agricultural commodities. The PACA trust comes into existence upon delivery of the commodities, and applies to all of the purchaser's produce-related inventory and proceeds regardless

Page 4 - OPINION AND ORDER

of whether the trust beneficiary was the source of the inventory or proceeds.  See In re Southland + Keystone, 132 B.R. 632, 638-39 (9th Cir. B.A.P. 1991).  The trust remains in effect until full payment of sums due have been received.  Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 281 (9th Cir. 1997).  The party holding trust assets must maintain them so they are freely available to satisfy outstanding obligations to the seller as perishable agricultural commodities.

A party failing to perform its statutory duties, including the creation and protection of a trust for the benefit of unpaid sellers of perishable agricultural products, or otherwise violating PACA provisions, shall be liable to his suppliers.  7 U.S.C. § 499e(a).  The PACA trust provisions impose these duties, and resulting liability, on both the purchaser and its controlling person who uses the assets for a purpose other than payment of suppliers.  Sunkist Growers, Inc., 104 F.3d at 283.

There is no dispute that plaintiff, a PACA licensee, provided perishable agricultural commodities to Rojo, that Rojo failed to pay for those goods, that plaintiff preserved its PACA trust rights, and that Rojo failed to comply with the provisions of PACA.  The only dispute is whether Garcia Rojo is a responsibly connected person upon whom personal liability may be imposed for Rojo's failure to comply with the PACA provisions.
///

Plaintiff relies on <u>Sunkist Growers</u>, which holds:

> An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier.

<u>Id.</u>, 104 F.3d at 282 (internal quotation omitted).

Here, plaintiff delivered perishable agricultural products to Rojo. Rojo was subject to PACA both because it was licensed by the USDA and because, by statutory definition, Rojo was a dealer, i.e., a "person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity." 7 U.S.C. § 499a(b)(6). "Wholesale or jobbing quantities" is defined as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received or contracted to be shipped or received." 7 C.F.R. § 46.2(x). Here, each of the orders represented by the invoices issued by plaintiff exceed 2,000 pounds.

Finally PACA defines a responsibly connected person as someone "affiliated or connected with a commission merchant, dealer, or broker as (A) partner in a partnership, or (B) officer, director, or holder of more than ten percentum of the outstanding stock of a corporation or association." 7 U.S.C. § 499a(b)(9). I find no factual dispute that Garcia Rojo is

Page 6 - OPINION AND ORDER

responsibly connected to Rojo.  Garcia Rojo founded and owned Rojo Produce. He was responsible for Rojo's day-to-day operations and controlled the PACA trust assets belonging to the plaintiff. He had control over Rojo's assets, as demonstrated by his ability to authorize wire transfers and to sign checks for the company. Case law and the statute are clear that Rojo's principal had a direct fiduciary obligation to preserve and maintain assets subject to the PACA trust and to ensure that those assets were sufficient and freely available for the payment of trust beneficiaries.  PACA claimants have separate and independent rights as against controlling parties.

   I find no dispute that Garcia Rojo controlled Rojo's assets and controlled the PACA trust assets belonging to the PACA claimants, therefore, I find that Garcia Rojo is liable to the PACA claimants as a matter of law.  See Hiller Cranberry Products, Inc. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999)("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."); Sunkist Growers, Inc., 104 F.3d at 283.

   In sum, I find that there exists no genuine issue of material fact that Rojo defaulted on its contractual obligations and duties under the PACA, and that defendant Garcia Rojo is personally liable for the entire amount due and owing. Summary

Page 7 - OPINION AND ORDER

judgment is therefore granted for the plaintiff.

Defendants make three additional arguments in opposition to plaintiff's motion for summary judgment, each of which are rejected by this court.  Those arguments are as follows:
(1) Defendants first assert that the settlement agreement entered into by the parties bars plaintiff from pursuing the underlying claim.  I disagree.  I find no authority allowing a breaching party to be shielded from liability on the underlying obligation. The settlement agreement clearly stated that, "the parties to this action have reached a tentative settlement in this matter. That settlement, however, requires payments over time and Plaintiff does not wish to have the Court dismiss the underlying action until the final payment has been received."  As noted earlier, the court stayed this action pending settlement but did not dismiss it.  The record is replete with defendants' acknowledgment of its obligations and debts owed to plaintiff and the several proposed payment plans to satisfy that obligation. Plaintiff cites several cases from Oregon and the federal courts holding that a party cannot utilize his breach as a shield against an action on the underlying claim.  See Plaintiff's Reply Memo, p. 5 (cases cited therein).  That is exactly the situation at bar.  Defendants' contention that plaintiff settled its claim under PACA based on the settlement agreement with defendants and therefore plaintiff's PACA claim should be dismissed, despite

defendants' admitted default on the settlement agreement, is without merit.

(2) Defendants next argue that even if plaintiff's claim was not resolved by the settlement agreement, PACA does not apply because the commodities were shipped from outside the United States, from Chile to Mexico, and PACA applies only to commodities shipped from or to the United States.  This argument is also rejected. PACA's jurisdiction applies not only to the underlying goods, but also to those that engage in that industry, i.e., the dealers, commission merchants, and brokers.  The "transaction" is not limited to the physical shipment of goods but also includes phone calls, billings and payments all made within the United States to procure the shipment of produce.  A number of acts, including failure to pay for goods or to maintain the PACA trust, committed by the commission merchant, dealer, or broker are unlawful "in or in connection with any transaction in interstate or foreign commerce."  7 U.S.C. § 499b.  For purposes of the PACA, "interstate commerce" has been interpreted broadly.  <u>In re Southland</u>, 132 B.R. at 640 (definition of interstate commerce in PACA is essentially consistent with the broad definitions of interstate commerce developed by the Supreme Court)(internal citation omitted).  Moreover, Congress has made its intent clear in that actions such as the defendants are a burden upon interstate commerce and such acts come within the purview of

Page 9 - OPINION AND ORDER

PACA. 7 U.S.C. § 499b(4). Finally, the court notes that the USDA, fully aware of the nature and facts of these transactions, issued a judgment in plaintiff's favor. Therefore, defendants' argument in opposition to plaintiff's motion for summary judgment is also without merit.

(3) Finally, defendants argue that even if the court finds that plaintiff has a valid PACA claim, no debt is owing to plaintiff because defendants are "not obligated to pay for goods that spoiled at the fault of Plaintiff." Defendants' Response, p. 2. Defendants allege that the goods purchased by the defendants and shipped to its principle in Mexico spoiled because of "Plaintiff's failure to supply the appropriate documentation for the product to pass through Mexican customs[.]" Id.

I find no support whatsoever in the record for this allegation by defendants. Other than Garcia Rojo's declaration, submitted with defendants' Opposition to Summary Judgment, defendants fail to submit any documentation to support this contention. I find no report on spoilage or decay, nor any record of complaint about the condition of the goods. Further, prior communications between plaintiff and Rojo made no reference to any problems with the produce. Moreover, the record contains evidence showing that plaintiff did, in fact, provide the necessary documentation to defendants' Mexican customs agent in a timely manner.

Page 10 - OPINION AND ORDER

Finally, although this matter has been pending for over two years, defendants first raise the issue of spoilage in its response to plaintiff's motion for summary judgment. Regulations governing the delivery of fresh fruits and vegetables mandate that defendants had an obligation to notify plaintiff of any problems with the product within twenty-four hours after receipt. 7 C.F.R. § 46.2(cc)(2). There is no evidence in the record that plaintiff was notified at any time of any problems with the condition of the produce. Therefore, defendants' argument in opposition to plaintiff's motion for summary judgment is without merit.

Regarding plaintiff's claim for interest, attorneys' fees, and costs, plaintiff relies on <u>Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.</u>, 307 F.3d 1220 (9th Cir. 2002). <u>Middle Mountain</u> holds that the trust extends not only to the principal cost of the goods, but includes contractual claims for interest and attorney fees and costs. <u>Id.</u> at 1222. I find that authority relevant and plaintiff's reliance on it reasonable. Therefore, plaintiff is awarded interest, reasonable attorneys' fees and costs.

## CONCLUSION

Plaintiff's motion for summary judgment (doc. 21) is granted. Plaintiff is awarded judgment in the amount of $28,374.60, plus accruing interest, reasonable attorneys' fees,

Page 11 - OPINION AND ORDER

and costs.

IT IS SO ORDERED.

      Dated this __16__ day of July 2006.


                              __/s/ Ann Aiken__
                                  Ann Aiken
                       United States District Judge