IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

F.C. BLOXOM COMPANY, a
Washington corporation,

      Plaintiff,

vs.

ROJO PRODUCE IMPORT AND
EXPORT, LLC, et al.,

      Defendants.

Civil No. 04-1687-AA
O R D E R

AIKEN, Judge:

    On July 18, 2006, this court issued an opinion and order granting plaintiff's motion for summary judgment. Plaintiff was also awarded interest, reasonable attorney's fees and costs. On July 19, 2006, the court entered a final order awarding plaintiff's judgment against the defendants in the amount of $28,350.60, plus interest, attorney's fees and costs.

    Plaintiff now moves this court for attorney fees in the amount of $16,568.72, and interest on the judgment at 12% per annum pursuant to the parties' contractual agreement. Plaintiff's motion is granted.

    A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended

1 - ORDER

on the litigation multiplied by a reasonable hourly rate." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 563-64 (1986). Plaintiff carries the burden of proving the lodestar. <u>Id</u>. The factors considered to determine the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Kerr v. Screen Extras Guild</u>, 526 F.2d 67, 70 (9th Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 951 (1976). Only those factors which are applicable need be addressed. <u>Sapper v. Lenco Blade, Inc.</u>, 704 F.2d 1069 (9th Cir. 1983).

The court may adjust the lodestar: (1) downward if the plaintiff has achieved only partial or limited success, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983); or (2) upward in "rare" and "exceptional" cases. <u>Delaware</u> at 565. However, there is a strong presumption that the lodestar figure represents a reasonable fee. <u>Miller v. Los Angeles County Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir. 1987).

Plaintiff carries the burden of proving that a multiplier is appropriate. <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1264 (9th Cir. 1987). Plaintiff does not request a multiplier and it is clear from the record that a multiplier is not appropriate.

2 - ORDER

Plaintiff's hourly rates are within the reasonably range of rates for Portland, Oregon attorneys with similar experience as set forth in the Oregon State Bar 2002 Economic Survey. Attached as Ex. 2 to Plaintiff's Memo in Support. Further, the hourly rates requested by plaintiff's counsel are reasonable considering the skill and reputation of counsel and the results obtained. See Plaintiff's Declaration in Support of Motion. Finally, the hours requested by plaintiff's counsel are reasonable in light of the novelty and difficulty of the questions involved, and the required skills necessary to properly perform the legal services. In particular, the court notes the multiple attorneys and representatives retained by defendants, the settlement agreement reached by the parties that defendants ultimately defaulted on, and the resulting summary judgment motion filed by plaintiff.

CONCLUSION

Plaintiff's motion for attorney fees (doc. 42) is granted. Plaintiff is awarded fees in the amount of $16,568.72, and interest on the judgment at 12% per annum pursuant to the parties' contractual agreements.

IT IS SO ORDERED.

Dated this _29_ day of August 2006.

_____
Ann Aiken
United States District Judge

3 - ORDER